```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF OKLAHOMA
```

DAVID A. STUCK,                )
                               )
         Plaintiff,            )
                               )
v.                             )    Case No. CIV-12-422-FHS-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
         Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff David A. Stuck (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on November 18, 1965 and was 44 years old at the time of the ALJ's decision. Claimant completed his education through the seventh grade. Claimant has worked in the past as a laborer, forklift operator, plastics trimmer, and hand packer. Claimant alleges an inability to work beginning November 8, 2008 due to limitations resulting from back problems arising from an

automobile accident.

**Procedural History**

On March 2, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On June 14, 2010, an administrative hearing was held before Administrative Law Judge ("ALJ") Charles Headrick. On June 25, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on August 15, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with limitations.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in (1) making a faulty step 5 determination; and (2) improperly rejecting Claimant's credibility.

4

**Step Five Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post motor vehicle accident, lumbar spine radiculopathy, and depression. (Tr. 19). The ALJ also found Claimant retained the RFC to perform light work except he should be limited to occasional stooping and had marked limitations in the ability to understand, remember, and carry out detailed instructions and the ability to interact appropriately with the general public. (Tr. 21). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of laundry sorter, mail room clerk, clerical mailer, and assembler, all of which he testified existed in sufficient numbers in the regional and national economies. (Tr. 26).

Claimant contends the ALJ improperly questioned the vocational expert who testified at the administrative hearing. Specifically, the ALJ referenced two exhibits (11F and 8F) in the record and asked if jobs were available to someone with the limitations contained on those exhibits. (Tr. 50-51). Exhibit 11F is a Physical RFC Assessment form on Claimant filled out by Dr. Luther Woodcock. (Tr. 299-306). Exhibit 8F is a Mental RFC Assessment form on Claimant filled out by Dr. Sharon Taber. (Tr. 280-82).

Claimant's challenge appears to be twofold – that the ALJ

failed to provide specific limitations for the physical demands of sitting, walking, standing, and lifting and that the questioning excluded Exhibit 9F which consists of a Psychiatric Review Technique ("PRT") by Dr. Taber. (Tr. 284-97). It does appear that the PRT includes moderate restrictions in the areas of difficulties in maintaining social functioning and difficulties in maintaining concentration, persistence, or pace which were not included in the Mental RFC Assessment form which was included in the ALJ's hypothetical question. (Tr. 294). Although not specifically referenced in the decision, the ALJ stated that the opinions of the agency physicians were given "great weight," which presumably would have included the opinion represented in the PRT. (Tr. 24-25). If this decision were given such weight, the ALJ failed in include the limitations contained in the PRT in his RFC assessment. Additionally, he did not include the limitations in the hypothetical questioning of the vocational expert.

"Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991). In positing a hypothetical question to the vocational expert, the ALJ need only set forth those physical and mental

6

impairments accepted as true by the ALJ. Talley v. Sullivan, 908 F.2d 585, 588 (10th Cir. 1990). Additionally, the hypothetical questions need only reflect impairments and limitations borne out by the evidentiary record. Decker v. Chater, 86 F.3d 953, 955 (10th Cir. 1996). Moreover, Defendant bears the burden at step five of the sequential analysis. Hargis, 945 F.2d at 1489. The ALJ's questioning did not mirror Claimant's impairments. The ALJ's RFC findings did not include all of Claimant's impairments which the ALJ determined were entitled to great weight. On remand, the ALJ shall re-evaluate the limitations contained in the PRT in his RFC findings accurately reformulate his questioning of the VE.

**Credibility Analysis**

Claimant also asserts the ALJ failed to evaluate the necessary factors in assessing his credibility. In his decision, the ALJ opined that if Claimant were in as much pain as he professes, he would have exhausted every means possible to obtain relief from that pain. (Tr. 24). The ALJ merely stated in conclusory fashion that he "does not discount all of the claimant's complaints; however, the evidence demonstrates that even though the claimant does have medically determinable impairments, none are severe enough to prevent the claimant from participating in substantial gainful activity" given his RFC. (Tr. 25). Despite these

7

findings, the medical evidence supports some assertions of pain. (Tr. 242, 255, 269).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

It appears in discounting Claimant's assertions of pain the ALJ did not follow the factors related in the case of Luna v. Bowen, 834 F.2d 161 (10th Cir. 1987) in evaluating his credibility. In Luna, the Tenth Circuit established "if an impairment is reasonably expected to produce *some* pain, allegations of *disabling* pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence." Id. at 164. More importantly, it appears the ALJ ignored the factors required to be considered by Soc. Sec. R. 96-7p. The ALJ set forth many of the facts related to these factors such as the daily activities of the Claimant but then did not discuss how those facts affected his credibility analysis. On remand, the ALJ shall specifically address the factors required by Soc. Sec. R. 96-7p.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the

court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 14th day of March, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE