# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DAVID A. STUCK,                       )
                                      )
      Plaintiff,                     )
                                      )
v.                                    )   No. CIV-12-422-FHS-KEW
                                      )
CAROLYN W. COLVIN[1], Commissioner    )
Social Security Administration        )
                                      )
      Defendant.                     )

**OPINION AND ORDER**

Plaintiff's Counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 30) on June 8, 2015. Judgment was entered in favor of Plaintiff on March 31, 2014, remanding this action back to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner issued a January 28, 2015, award decision finding in favor of Plaintiff and determining that Plaintiff became disabled on November 8, 2008. The award decision also found he was entitled to disability benefits beginning in May 2009. The total back

---

[1] The Court has been informed by Defendant that on February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. Pursuant to Rule 25 (d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is automatically substituted for Michael J. Astrue as the defendant in this action. Thus, this suit will proceed with this substitution in effect. See 42 U.S.C. Sec. 405 (g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.")

benefits awarded to Plaintiff was $67,605.00. On May 16, 2015, the Social Security Administration notified Plaintiff's counsel that $16,901.25 had been withheld by the agency for the payment of attorney's fees.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Notice of Award letter was dated May 16, 2015 and Plaintiff filed the Motion for Attorney Fees on June 8, 2015. The Court finds the Plaintiff's Motion is timely filed.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $16,901.25 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount

2

contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $16,901.25. The Commissioner has filed an informative response on the various points of law to be considered, but does not challenge the reasonableness of the requested fee. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $16,901.25 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002); see also Wren v. Astrue, 525 F.3d 931, 937 (10th Cir. 2008)("the 25% limitation of fees for court representation found in § 406(b) is not itself limited by the amount of fees awarded by the Commissioner").

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 30) is granted in the amount of $16,901.25. Pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986), Plaintiff's counsel is directed to refund to Plaintiff the smaller amount of fees ($6,860.70)

previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). This refund is for the full EAJA amount, without any withholding, offset, or deduction.

It is so ordered this 19th day of June, 2015.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma